OPINION OF THE COURT — mr the
Hon. JOHN BLACK.
The song written in doggrel rhyme, charged in the first count of the indictment, is of a most obscene and exceptionable character. The name used in the song is a fictitious one — Goody Two Shoes, and is directed to her. The indictment, in the first count, charges that this scandalous piece was published by the defendant, of, and concerning the prosecutrix, Nancy Irvine; recites the libel verbatum; states that it was directed to Goody Two Shoes, meaning thereby the said Nancy Irvine, It is questioned whether thisinuendo is proper, and it is said, that in order to have made this inuendo a proper one, the indictment should have charged that this publication was made of, and concerning, the prosecutrix, by the name of Goody Two Shoes.
*385 The office of indictments is to connect the libel with extensive facts, to shew the meaning and bearing of words and phrases made use of in it, and necessary, when the words published would not be libellous, unconnected with such.facts.
This publication was unquestionably libellous in itself, and the only question was, whether it had relation to the prosecutrix. This was the only fact, besides publication, necessary to be averred and proved to fix the defendant. After an examination of the authority and the forms of indictments in criminal, and declarations in civil cases, there is no doubt in my mind that the previous averment in this indictment, that this libel was published of and concerning the prosecutrix, is sufficiently full and certain for the inuendo to refer to, without any such averment as is contended to be necessary. In no case I can find, has it been thought to be necessary. — In King, vs. Horne, Cowper,672, are many such inuendos, the indictment reciting the publication, where the name of Mr. Horne is introduced, contains invariably this inuendo, (meaning the said John Horne) and the King, (meaning thereby his majesty.) In King, vs. Lawrence, 12 Wood, 311, the words were to Sir John Pigot, "to moderate his zeal, for that the King” (meaning thereby King Janies 2nd.) In King, vs. Baxter, 3 Mad. 60, where the word Bishops is mentioned, there is an inuendo, meaning thereby Bishops of England.
It is seldom libels contain the name of the individual concerning whom it is published, in full • generally a part of the name, or a fictitious one, or some of the letters of the name. Slanders conveyed under such disguises, are as injurious, and often more so, than in a more open and bold way. In such cases, it is only necessary, by proper averments, to show their relation to the prosecutor, and the court will not be hood-winked, to allusiorftejwhich every other person can understand, but will also exercise its common understanding with others. I should have thought this too plain a question to need any thing more than a statement of it, if it had not been urged with so much apparent earnestness.
As to the second point raised, whether there is sufficient evidence of publication, there can be as little doubt. One of the witnesses swore, that the song was handed to Chace, the defendant, who took it, read it to the company present, and laughed at it with others. Afterwards he repeated *386 it to another person, and spoke it over to a third. — If this was done maliciously, there can he no doubt but that it amounted to a publication, and from the jury having found a verdict against the defendant, it is to be presumed, they were satisfied on that hea'd. He knew after he first read it, that it was a libel; his repeating it afterwards to a second and a third person, is evidence of publication.
The attorney .general is entitled to demand judgment for the state.